Leo CHAVEZ *v.* STATE of Arkansas

CA 99-1373 25 S.W.3d 431

Court of Appeals of Arkansas
Division I
Opinion delivered September 6, 2000

*Douglas R. Coppernoll*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Appellant Leo Chavez, who was born October 9, 1984, was adjudicated delinquent on July 13, 1999, for possession of an instrument of a crime and for failure to appear, and placed on probation. On August 16, 1999, he was arrested, arraigned, and pled not guilty to residential burglary, sexual abuse in the first degree, battery in the second degree, and assault in the second degree.

After holding that Chavez was in violation of his probation, the court, on its own motion, set a hearing to consider whether to transfer Chavez's case to circuit court. The hearing on the motion to transfer took place on September 8, 1999. Over objections of the State and Chavez, the judge transferred the case to circuit court. Chavez brings this appeal, and the State agrees that reversible error was committed because the juvenile court does not have authority to *sua sponte* transfer the case to circuit court. Therefore, we reverse the judge's decision to transfer this case to the Washington County Circuit Court.

Arkansas Code Annotated section 9-27-318 (Supp. 1999) governs when a juvenile case may be transferred to circuit court. This section reads, in part:

> (a) A juvenile court has exclusive jurisdiction when a delinquency case involves a juvenile:
>
> (1) Fifteen (15) years of age or younger when the alleged delinquent act occurred, except as provided by subdivision (c)(2) of this section;
>
> ....
>
> (b) The state may file a motion in juvenile court to transfer a case to circuit court or designate a case as an extended juvenile jurisdiction offender case when a case involves a juvenile:
>
> (1) Fourteen (14) or fifteen (15) years old when he engages in conduct that if committed by an adult, would be:
>
> ....
>
> (B) Battery in the second degree in violation of § 5-13-202(a)(2), (3), or (4);

....

(2) At least fourteen (14) years old when he engages in conduct that constitutes a felony under § 5-73-119(a)(1)(A); or

(3) At least fourteen (14) years old when he engages in conduct that, if committed by an adult, constitutes a felony and who has, within the preceding two (2) years, three (3) times been adjudicated as a delinquent juvenile for acts that would have constituted felonies if they had been committed by an adult.

(c) A circuit court and a juvenile court have concurrent jurisdiction and a prosecuting attorney may charge a juvenile in either court when a case involved a juvenile:

....

(2) Fourteen (14) or fifteen (15) years old when he engages in conduct that, if committed by an adult would be:

(A) Capital murder, § 5-10-101;
(B) Murder in the first degree, § 5-10-102;
(C) Kidnapping, § 5-11-102;
(D) Aggravated robbery, § 5-12-103;
(E) Rape, § 5-14-103;
(F) Battery in the first degree, § 5-13-201;
(G) Terroristic act, § 5-13-310.

....

(h) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

(i) Upon a finding by the circuit court that a juvenile age fourteen (14) or fifteen (15) and charged with the crimes in subdivision (c)(2) of this section should be transferred to juvenile court, the circuit court shall enter an order to transfer as an extended juvenile jurisdiction case.

(j) If a juvenile age fourteen (14) or fifteen (15) is found guilty in circuit court for an offense other than the offense listed in subsection (b) or subdivision (c)(2) of this section, the circuit court shall transfer the case to juvenile court for the court to enter a juvenile disposition.

....

Subsection (a) clearly states that a juvenile court has exclusive jurisdiction when a delinquency case is filed. While there are exceptions to this broad rule, none of them are applicable here;

therefore, the circuit court does not have jurisdiction over the juvenile in this case.

Chavez was fourteen years old at the time of the filing of the delinquency petition on the charges of residential burglary, sexual abuse in the first degree, battery in the first degree and assault in the second degree.

Subsection (b)(1) provides that the State may file a motion to transfer the case to circuit court when the juvenile has committed certain crimes, including battery in the second degree. Here, the State did not file a motion to transfer, but the court held a hearing on its own motion, at which time the State asked the court not to transfer the case.

Subsection (b)(2) is not applicable because it provides that transfer is appropriate only if the juvenile is fourteen years old when he engages in conduct that constitutes a felony under § 5-73-119(a)(1)(A). That section prohibits persons in this state under the age of eighteen to possess a handgun. Chavez was not charged with possession of a handgun.

Subsection (c)(1) provides for concurrent jurisdiction of a juvenile court and circuit court if the juvenile is sixteen years old at the time he engages in conduct that, if committed by an adult, would be a felony. Under (c)(2), the circuit and juvenile courts have concurrent jurisdiction if the person is fourteen or fifteen years old and engages in certain crimes. Chavez was neither sixteen years old when he was charged, nor was he charged with any of the specified crimes. Therefore, neither of these two sections is applicable.

Because there is no basis for the circuit court to exercise jurisdiction over Chavez, he is subject exclusively to the jurisdiction of juvenile court, and the juvenile court erred in transferring his case to circuit court.

Reversed.

GRIFFEN and NEAL, JJ., agree.